GUY, Circuit Judge,
concurring.
I concur completely in Judge Sutton’s opinion, but write separately to address that part of our ■ review which involves consideration of the plaintiffs likelihood of success on the merits. Specifically, I want to address the issue of delay. To begin with there was no hearing in the district court on this issue so the State has had no opportunity to present evidence.
The turnout at the upcoming election is expected to be one of the largest in history. Long lines at many polling places in Michigan are anticipated. In past years, the federal courts in Michigan have been called upon to issue orders requiring the polls to be kept open after normal closing hours. In some cases the wait for persons seeking to vote has exceeded two hours. Depending on location, some waiting in line have to wait outdoors and, given the time of year, in inclement weather. The result, as least as claimed by those who have sought the assistance of the federal courts in the past, has been that persons don’t wait, but leave and simply give úp their right to vote. Small delays multiplied over time can result in longer delays.
This raises the question of how much delay does taking a selfie cause? There is no easy answer to that question. If one just points the camera at a spot on the ballot and takes a picture this obviously would take little time. If all a person wants is a picture of the ballot that can be done by securing a sample ballot and taking a picture of it. But that is not a selfie for the obvious reason that there is no “self.” As to how many might avail themselves of the opportunity to take a selfie, I don’t really know. But I do know that the number of persons who feel compelled to record their every waking moment and broadly share it with others is immense.
There are many different-methods used in Michigan for recording votes. Among others there are voting machines, punch cards, and paper ballots where one fills in an oval next to the candidate’s name. Some voting spaces are private with a curtain of *402 some kind. Others are open. If one wants to take a picture of himself or herself taking a selfie which picture also includes the ballot in the photo, it is not an easy task. Also, with digital photography, if you don’t like the way you look in the first one, you take another and so on ad infinitum. Does the allowance of taking a selfie also include use of the ubiquitous selfie stick?
I raise these issues because the state never really had an opportunity to do so. That is one of the main reasons why I join the opinion granting a stay. Insofar as injury to the public is concerned, all I can say is that the statute in question has been on the books since 1891 and up until now no one has ever claimed to have been injured by it. The constitution hasn’t changed in that time, but technology has. Whether that change compels the State to turn a voting booth into a photo booth remains to be seen.